1812.

Pittsburg,
Saturday,
September 19.

SOLOMON and another *against* KIMMEL.

IN ERROR.

The assignee of a bond takes it subject to all the equity which the obligor had against the obligee, unless the obligor promoted the assignment; and therefore in a suit by the assignee, it is competent to the obligor under the plea of payment to shew that the bond was given for lands to which the obligee had no title. But if the obligor at the time of purchase took a bond with surety for the conveyance of a good title, and a suit on that bond is pending, he cannot object the failure of consideration, unless he proves the insolvency of both principal and surety in the suit he has himself commenced, or proves that he has sustained a damage, in addition to the loss of the title.

THIS was a writ of error to the Common Pleas of Somerset county.

*Kimmel,* the plaintiff below, as assignee of *Casper Kitz-miller,* brought debt upon two bonds, one for the payment of 50 dollars on the 25th of *April* 1802, the other for the like sum on the 5th of *April* 1804. The defendants in error, who were the obligors, pleaded *payment,* and gave notice of the special matter they intended to prove under this plea; and in conformity with the notice, at the trial of the cause they offered to shew, that the bonds in question were given for lands bought by them from *Kitzmiller,* to which he had no title, and that they had thereby sustained damage. The plaintiff, in support of his objection to this evidence, among other things, produced articles of agreement between the defendants and *Kitzmiller,* in which the latter had covenanted to give security for the conveyance of a good title to the lands, and the record of a suit then pending by the defendants against *Kitzmiller* and his surety *Keffer,* upon a bond given in conformity with the articles.

The defendants in answer gave evidence of *Kitzmiller's* insolvency, but not of *Keffer's;* and the court thereupon overruled the evidence, and sealed a bill of exceptions.

*S. Riddle* and *Forward* for the plaintiffs in error, contended that the evidence should have been admitted, because where in equity money ought not to be paid, the court will direct the jury to presume that it is paid. That the evidence tended to shew a failure of consideration, which defeated the bond in the hands of the assignee as well as the obligee; and that the suit against *Kitzmiller* and his surety was no bar, because there were damages distinct from the mere loss of title, which might properly be recovered in that suit. They cited *Dunlop* v. *Sheeler* (a), *Kachlen* v. *Mulhallon* (b), *Addison's Reports* 127, and *Boyd's executors* v. *Thompson's executors* (c). Whatever would be a ground of injunction in

(a) 3 *Binn.* 173.          (b) 2 *Dall.* 237.          (c) 1 *Smith's Laws* 52.

equity, is a defence in *Pennsylvania;* and it is plainly against equity to demand payment of a bond, the consideration of which has failed.

*Ross* contra, answered that after the articles of agreement were made, security was given to the satisfaction of the vendees, and that it was against equity to permit a defalcation, when they had an action for damages depending, that would cover their whole equity. This was an election not to defalcate against these bonds. The plaintiff, who is the assignee, ought rather to be favoured; his case is a hard one; and as a remedy has been elected against the vendor and his surety, who was not shewn to be insolvent, this should conclude the defendants as against the assignee.

TILGHMAN C. J. This is a writ of error founded on a bill of exceptions. The action was brought by *Kimmel* the plaintiff below, against *Solomon* and *Moor* the defendants, on two bonds given by the defendants to *Kitzmiller,* and by him assigned to *Kimmel.* It appears that *Solomon,* one of the defendants, had purchased land of *Kitzmiller,* in consideration of which the defendants had given him these and other bonds; and *Kitzmiller,* in pursuance of the articles of agreement between him and the defendant *Solomon,* had on his part given to *Solomon* a bond with security, conditioned for making good the title to the land sold by him. The plaintiff proved that an action had been brought and was then depending against *Kitzmiller* and his security, on this indemnifying bond. The defendants gave evidence to prove the insolvency of *Kitzmiller,* but no evidence to prove the insolvency of his security. They also offered evidence that *Kitzmiller's* title to the land sold, was not good at the time of sale, and that in consequence thereof, *Solomon* had sustained damage. To this evidence the counsel for the plaintiff objected, and the court rejected it, on which a bill of exceptions was taken to their opinion.

It has often been decided that where a bond is given on the purchase of land, and the title is bad, the obligee cannot recover on the bond because the consideration has failed; and the assignee standing in the place of the obligee can be in no better condition. If the consideration has really failed

1812.

SOLOMON
et al.
*v.*
KIMMEL.

in the present instance, and the defendants had contented themselves with withstanding the payment of the bond, they would have had the law with them. But the case is very different. Suit has been brought to recover damages of the vendor, on account of the defect of title, so that the defendants are endeavouring to obtain a double satisfaction for the same injury. They had their election to proceed in either manner, and having thought proper to bring suit on the indemnifying bond, it would be unjust that they should be permitted to defend themselves against this action. It is possible indeed, that injury may have been sustained, so that *Solomon* would be intitled, not only to withstand payment of the bond, but also to recover damages, which could only be done by resorting to the indemnifying bond. And if the case appeared plainly to be so, the action on the indemnifying bond would have been no bar to the defence now set up. But that does not sufficiently appear on the face of the bill of exceptions. The matters are so blended that it is impossible to separate them. So that as the case stood before the Court when the evidence of the defendants was offered, it appears to me that they were right in rejecting it. I am therefore of opinion that the judgment should be affirmed.

YEATES J. It is the settled law, that the assignee of a bond takes it subject to all the equity which the obligor had against the obligee, unless such obligor has encouraged the assignment. Our defalcation act has much larger and more comprehensive words than the *British* statutes of set-off, and many matters are received in evidence amongst us by way of defence, which would be rejected in the *English* courts. But I know of no case wherein a defendant has been allowed to bring forward any counter-debt, bargain or promise, to defeat the action brought against him either in the whole or in part, while *at the same time* he carries on a suit for the recovery of such debt, or damages for the non-performance of such bargain or promise. Such double proceedings are incompatible, and repugnant to the spirit and policy of the law. Defalcation is at the option of the defendant. No man can be compelled to make a set-off; but when he elects so to do, he must plead it or give notice of his in-

tention under the general issue. In this case, it appears by
the bill of exceptions, that the defendant had brought his
suit upon the articles of agreement made between the ori-
ginal parties, returnable to *November* term 1802, to recover
the damages he supposed himself intitled to. During the
pendency of that suit, he could not urge those damages by
way of defence to his bond. He had determined his election,
and until that suit was discontinued, the testimony offered
could not be received. I apprehend that the Court of Com-
mon Pleas acted correctly in overruling the evidence offered
by the defendant below, and am of opinion that their judg-
ment be affirmed.

BRACKENRIDGE J. concurred.

Judgment affirmed.